IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

MONICA GISELLE PEREZ TAVAREZ,

    **Plaintiff,**

        v.

LUMA ENERGY LLC, *et. al.*,

    **Defendants.**

CIVIL NO. 25-1252 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

    Monica Giselle Perez Tavarez ("Plaintiff") filed a Complaint against LUMA Energy, LLC; Quanta Utility Operations, LLC; Quanta Utility Operations PR LLC; 2240385 Albertal Ltd; and Taisha Rosa, alleging failure to provide reasonable accommodation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112; failure to provide reasonable accommodation in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et al.*; gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*; retaliation; violation of P.R. LAWS ANN. tit. 1 § 501 ("Act 44"); and violation of P.R. LAWS ANN. tit. 29 § 1402 ("Act 81"). Docket No. 13. Pending before the Court is co-Defendants LUMA Energy, LLC and LUMA Energy Servco, LLC's ("Defendants") Motion to Dismiss, Docket No. 20; Plaintiff's Opposition, Docket No. 25; and Defendants' Reply, Docket No. 28. For the reasons stated below, the Court **GRANTS** Defendants' Motion to Dismiss.

## STANDARD OF REVIEW

    A defendant may move to dismiss an action for failure to state a claim upon which relief

**CIVIL NO.** 25-1252 (JAG)                                                                                                   2

can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face" and "raise [a plaintiff's] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in a complaint and draw all reasonable inferences in the plaintiff's favor. *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012).

Generally, the Court cannot "consider any documents that are outside of [Plaintiff's] [C]omplaint, or not expressly incorporated therein, unless [Defendant's] motion is converted into one for summary judgment." *O'Rourke v. Hampshire Council of Gov'ts*, 121 F. Supp. 3d. 264, 276 (1st Cir. 2015) (cleaned up). Yet, under some "narrow exceptions," the Court may consider some extrinsic documents without converting a motion to dismiss into a motion for summary judgment. *See id.* These narrow exceptions are "documents the authenticity of which are not disputed by the parties; official public records; documents central to plaintiff's claim; [and] documents sufficiently referred to in the complaint." *Id.* (cleaned up). Accordingly, the Court will consider the Plaintiff's Administrative Charge with the Equal Employment Opportunity Commission ("EEOC"), the right-to-sue letter, the emails sent by the EEOC to both Parties through the agency's Digital Charge System, and the EEOC's Activity Log issued in response to Defendant's FOIA Request.[1] Docket No. 20-1

---

[1] The authenticity of these extrinsic documents is not disputed, these documents are specifically referenced in Plaintiff's Complaint, and these documents are integral to the procedural requirements of the Title VII and ADA claims.

**CIVIL NO. 25-1252 (JAG)** 3

## ANALYSIS

**I.  Exhaustion of Administrative Remedies under Title VII and the ADA**

Defendants argue that the instant action should be dismissed because Plaintiff did not file the Complaint within 90 days of receiving the EEOC right-to-sue letter. Docket No. 20 at 9-13. The Court agrees.

To properly commence a civil action alleging employment discrimination in violation of Title VII or the ADA, plaintiffs must first exhaust administrative remedies before the EEOC. *Loubriel v. Fondo del Seguro del Estado*, 694 F.3d 139, 142 (1st Cir. 2012) (cleaned up). If the EEOC dismisses or terminates the administrative charge, it must inform the claimant, through a right-to-sue letter,[2] that he or she has 90 days to file a complaint in federal court. *See García-Gesualdo v. Honeywell Aerospace of P.R.*, 135 F.4th 10, 16 (1st Cir. 2025) (citing *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 119 (1st Cir. 2009)); 42 U.S.C. § 2000e-5(f)(1). Failure to file a complaint within the 90-day period renders the action time-barred. *Id.*; *Rice v. New England Coll.*, 676 F.2d 9, 11 (1st Cir. 1982) ("In the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.") (citation omitted). This period begins to run once the claimant receives actual or constructive notice from the EEOC. *See Loubriel*, 694 F.3d at 143 ("[N]otice to the attorney is notice to the claimant.") (citation omitted). An email by the EEOC informing claimants of their right to sue provides adequate notice when the email includes the right-to-sue letter or otherwise "indicate[s] without ambiguity that the EEOC has reached a final

---

[2] The EEOC may issue right-to-sue letters via email. *See García-Gesualdo*, 135 F.4th at 17.

**CIVIL NO.** 25-1252 (JAG)                                                                                                          4

decision and that the claimant has ninety days to bring suit if they so wish." *García-Gesualdo*, 135 F.4th at 18 (cleaned up).[3]

Here, the Parties agree that Plaintiff and her attorney received the right-to-sue letter via email on February 3, 2025, and that the Complaint was filed 92 days after receipt of that email. Docket Nos. 20 at 8; 25 at 8. Instead, Plaintiff argues that the 90-day period began to run on February 6, 2025, when she downloaded the letter. Docket No. 25 at 8-9. However, the record unequivocally shows that Plaintiff downloaded the right-to-sue letter on the same day she received the email. Docket No. 20-1 at 30. Therefore, Plaintiff had actual notice on February 3, 2025, and, thus, needed to commence this action by May 4, 2025. She did not and, thus, Plaintiff's Title VII and ADA claims are time-barred.[4]

Plaintiff argues in the alternative that equitable tolling applies because (1) she was receiving medical treatment when the EEOC sent the right-to-sue letter, (2) she was terminated 10 days after the letter was sent, and (3) she was hospitalized on March 3, 2025.[5] Docket No. 25 at 10. Therefore, Plaintiff contends she was unable to cooperate adequately with her attorney to file this case in a timely matter and that the 2-day delay should be excused in the interest of justice. *Id*. The Court disagrees. Under 42 U.S.C. § 2000e-5(f)(1), the 90-day period is non-jurisdictional, making it subject to waiver, estoppel, or equitable tolling. *Rice*, 676 F.2d at 10. Equitable tolling

---

[3] The First Circuit recognizes that attaching a link to the right-to-sue letter, rather than the letter itself, could be sufficient to provide notice so long as the email "provides information with respect to the link that would satisfy the notice requirement." *García-Gesualdo*, 135 F.4th at 19.

[4] While courts afford a more forgiving standard on *pro se* parties, at the time Plaintiff received the right-to-sue letter, she was already represented by the attorney of record in this case, and he also received the notice via email on February 3, 2025.

[5] Plaintiff does not provide a date of discharge or the duration of this hospitalization.

**CIVIL NO.** 25-1252 (JAG)                                                                                     5

allows a court to extend filing deadlines only in exceptional circumstances. *Sierra v. Bisignano*, 158 F.4th 43, 52 (1st Cir. 2025). For equitable tolling to apply, the plaintiff must show that "circumstances beyond his or her control precluded a timely filing," such as for example when an employer actively interferes with the filing. *Abraham*, 553 F.3d at 119; *see Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 279 (1st Cir. 1999). However, equitable tolling "cannot be used to rescue a plaintiff from [their] lack of diligence." *Abraham*, 553 F.3d at 119 (citation omitted). As such, equitable tolling does not apply when a plaintiff's own negligence or mistake causes them to miss the filing deadline. *See Sierra*, 158 F.4th at 52-53.

Plaintiff's contention that her medical treatment, termination, and hospitalization prevented her from cooperating adequately—thus, warranting equitable tolling—fails. To start, Plaintiff has provided no legal authority supporting this argument. She cites two cases for this proposition: *Barney v. H.E.L.P. Homeless Serv. Corp.*, 2020 WL 1699984 (S.D.N.Y. 2020) and *Weathers v. Houston Methodist Hosp.*, 116 F.4th 324 (5th Cir. 2024). *Barney*, an unpublished case from the Southern District of New York, is easily distinguishable. In that case, the Court found that equitable tolling existed because, a few days before the deadline to file the complaint, the plaintiff was hospitalized after being stabbed 10 times. 2020 WL 1699984, at *4-*5. Moreover, the plaintiff in *Barney* "provided a 'particularized description' of how the stabbing, hospitalization, and subsequent recovery affected his ability to pursue his rights." *Id.* In the instant case, however, Plaintiff's treatment, termination, and hospitalization occurred approximately two months before the filing deadline, and she has failed to explain how her circumstances in March 2025 prevented her (or her attorney) from filing the complaint by May 4, 2025. She merely states, in a conclusory fashion, that her treatment, termination, and hospitalization in March 2025 impacted her ability

**CIVIL NO. 25-1252 (JAG)**                                                                                                    6

to "cooperate adequately in [the] preparation of the case at hand." Docket No. 25 at 10. This is insufficient to survive dismissal. *Weathers* is also inapplicable because the delay in that case was attributable to the EEOC. 116 F.4th at 332. Thus, Plaintiff has not shown the existence of extraordinary circumstances warranting equitable tolling.

Plaintiff also contends that the right-to-sue letter is invalid because the EEOC's regulation—which allows it to issue right-to-sue letters at a claimant's request before an investigation is completed within 180 days since the filing of the charge—is incompatible with the statutory text of Title VII. Docket No. 25 at 10-13. The Court is not persuaded. Title VII provides that notice must be given if the EEOC dismisses the charge or has not commenced a civil action within 180 days since the filing of the administrative charge. 42 U.S.C. § 2000e-5(f)(1). Here, the EEOC issued the right-to-sue letter specifically in response to Plaintiff's request. Docket No. 25-1 at 1 ("The EEOC has granted *your request* that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.") (emphasis added). Plaintiff cannot argue that the EEOC issued the right-to-sue letter prematurely when she herself made the request. Moreover, in accordance with Title VII, the EEOC issued the right-to-sue letter when it dismissed Plaintiff's charge. *Id.* (the right-to-sue letter is titled "Dismissal and Notice of Rights."). The 180-day period is inapplicable when the EEOC dismisses the charge, as it did in the instant case.

II. **Rehabilitation Act**

Defendants also request dismissal of the Rehabilitation Act claim, arguing that LUMA Energy, LLC ("LUMA") is not an employer within the meaning of the Rehabilitation Act. The Court agrees.

**CIVIL NO.** 25-1252 (JAG)                                                                                                                7

      The Rehabilitation Act only applies to federal agencies and recipients of federal funding. 29 U.S.C. § 794(a); *Calero-Cerezo v. U.S. Dep't of Just.*, 355 F.3d 6, 19 (1st Cir. 2004). Recipients of federal funding are those that have the power to accept or reject federal financial assistance, rather than merely benefit from it. *U.S. Dept. of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 605-07 (1986) (explaining that those who affirmatively accept federal funding are also accepting the obligations imposed by the Rehabilitation Act).

      LUMA is a "private consortium" that oversees the operations and management of the Puerto Rico Electric Power Authority, "one of the largest public power utilities in the United States and [] the only electrical energy distributor in Puerto Rico." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 7 F.4th 31, 34 (1st Cir. 2021). LUMA's funding comes from a combination of local and federal grants. However, Defendants argue that LUMA is not the recipient of federal funding but, instead, receives compensation for services rendered pursuant to service contracts. Docket No. 20 at 14; *see Jacobson v. Delta Airlines, Inc.*, 742 F.2d 1202, 1209 (9th Cir. 1984) (finding that the "definition of federal financial assistance [does] not include[e] procurement contracts."). This argument is uncontested since Plaintiff failed to address this issue in her filings and, thus, has waived any opposition. Plaintiff has made no argument or allegation that LUMA is in a position to accept or reject federal financial assistance and, thus, she has failed to meet her burden of plausibly alleging that LUMA is covered by the Rehabilitation Act. Thus, Plaintiff's Rehabilitation Act claim is hereby **DISMISSED WITH PREJUDICE**.

### III.   Supplemental Jurisdiction

      Because the Court is dismissing Plaintiff's federal claims under Title VII, the ADA, and the Rehabilitation Act, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law

**CIVIL NO.** 25-1252 (JAG)                                                                 8

claims. *See Rivera-Díaz v. Humana Ins. of P.R., Inc.*, 748 F.3d 387, 392 (holding "that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (cleaned up); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (noting that courts should consider factors such as judicial economy, convenience, fairness, and comity). Declining to exercise supplemental jurisdiction is also supported by the fact that Plaintiff has a parallel case in the courts of the Commonwealth of Puerto Rico. Therefore, the Court hereby **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law claims.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss. Accordingly, the Court **DISMISSES WITH PREJUDICE** all federal claims against Defendants and **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law claims. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Thursday, February 5, 2026.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
